**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| **KRISTEN TAHERI,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| v. | : | **7:25-cv-40–WLS** |
| | : | |
| **BAYER CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Bayer Corporation's ("Bayer") Motion to Dismiss (Doc. 4). After review, the Court denies in part and grants in part the Motion to Dismiss. Although Bayer points to supposed deficiencies in Plaintiff's allegations of her claim for failure to warn, these deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. For the reasons discussed below, the Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**.

## I.    PROCEDURAL BACKGROUND

Plaintiff commenced the above-captioned action on April 1, 2025, by filing a Complaint (Doc. 1) in this Court asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1). Plaintiff asserts claims against Bayer for breach of a continuing duty to warn and negligent recall related to her alleged injuries from exposure to the herbicide Roundup®, a product marketed, and distributed by Bayer.

On July 14, 2025, Bayer filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response, and the deadline to do so has lapsed. Thus, the Motion to Dismiss is fully briefed and ripe for resolution.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell*

1

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

## III.   MOTION TO DISMISS

### A.  Plaintiff's Failure to Respond

As an initial matter, while Plaintiff—who is represented by counsel—failed to respond to the Motion to Dismiss, a district court may not "grant [defendant]'s motion to dismiss solely on the plaintiffs' failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 911, 924–25 (11th Cir. 2017); *see Woodham v. Am. Cystoscope Co of Pelham*, 335 F.2d 551, 556 (5th Cir. 1964)[1] (holding that dismissal without consideration of the merits of a motion to dismiss under local rule requiring response within ten days of the filing of a motion was unwarranted); *see also Fields v. Checkr Grp. Inc.*, No. 1:24-CV-2122, 2025 WL 2270151, at *1 (N.D. Ga. May 29, 2025), *report and recommendation adopted*, 2025 WL 2270148 (N.D. Ga. June 20, 2025) (stating "the Court does

---

[1] Decisions of the former Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

not rubber-stamp a requested dismissal and instead determines independently whether there is a sound legal basis for dismissal or the entry of summary judgment"). "When a motion to dismiss is granted as unopposed, the actual grounds for dismissal are the grounds chiefly asserted in said motion to dismiss. Accordingly, Plaintiff['s] decision not to proffer argument or authority in response to the Motion[ ] is at [her] peril." *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *2 (M.D. Ga. Aug. 28, 2025) (internal citations and quotation marks omitted). Although the Court must consider Bayer's Motion to Dismiss on the merits, the Court does not, and may not, serve in the role of Plaintiff's counsel.

### B. The Allegations

With this standard in mind and taking the allegations in the Complaint as true, the Court briefly states the facts as alleged in the Complaint. Plaintiff has been diagnosed with Stiff Person's Syndrome ("SPS"), a rare neurological disorder. (*Id.* ¶ 3). Plaintiff's condition was caused by her exposure to Roundup® which, contains glyphosate, a known carcinogen. (*Id.* ¶ 5). Roundup® is a herbicide that is widely used in Moultrie, Georgia, to kill weeds and grasses that compete with commercial crops. (*Id.* ¶¶ 11–12). Plaintiff resides in Moultrie. (*Id.* ¶ 5). Plaintiff is aware of 11 other individuals within the Moultrie area who have been diagnosed with SPS. (*Id.* ¶¶ 3). Moultrie has a population of approximately 14,000 people. (*Id.* ¶ 2). Studies show that SPS affects approximately 1 out of 1,000,000 people, and thus Plaintiff contends that 11 out of 14,000 people being diagnosed with SPS in Moultrie is "perversely" disproportionate to those studies. (*Id.* ¶¶ 2, 19–20, 22).

As alleged in the Complaint, in 2018, Bayer acquired Monsanto, the original manufacturer of Roundup®. (*Id.* ¶¶ 7, 24). Through its acquisition of Monsanto, Bayer assumed Monsanto's existing liabilities and is further liable for harm cause by Roundup® due to Bayer's continued marketing and distribution of Roundup® as a safe product despite evidence to the contrary. (*Id.* ¶¶ 7, 24). Specifically, Plaintiff alleges (*Id.* ¶¶ 25–28):

1. Bayer was aware of the potential health risks associated with glyphosate-based products, including the risk of cancer, SPS, autoimmune diseases, neurological diseases, and other serious health conditions.

2.    Bayer continued to market and sell these products without adequate warnings or instructions to consumers, demonstrating a conscious indifference to the consequences of their actions.

3.    Bayer recklessly failed to recall the product after learning of the dangers to consumers.

4.    Bayer deliberately downplayed the risks associated with glyphosate-based products.

5.    Bayer actively sought to suppress scientific research and evidence that highlighted the dangers of glyphosate, prioritizing profits over consumer safety.

6.    Bayer employed aggressive marketing strategies to promote glyphosate-based products, targeting both professional and residential users. These marketing practices were misleading and deceptive, as they portrayed the products as safe and environmentally friendly, contrary to the known risks.

Plaintiff alleges that Bayer breached its duty to disclose the risks associated with glyphosate exposure and to recall Roundup® once these risks were discovered, and this failure to disclose caused Plaintiff to develop SPS. (*Id.* ¶ 29).

Finally, Plaintiff alleges she is entitled to punitive damages and attorney fees because Bayer acted in bad faith by failing to take corrective action after becoming aware of the harmful effects of glyphosate, continuing to sell and market products without implementing safety measures or providing adequate warnings to customers. (*Id.* ¶¶ 30–34).

Plaintiff brings two claims against Bayer. Count One – Breach of a Continuing Duty to Warn, and Count Two – Negligent Recall. She seeks compensatory damages for medical expenses, pain and suffering, loss of consortium and other losses; punitive damages to deter future misconduct; and costs, including reasonable attorney's fees.

### C. Analysis

Federal courts sitting in diversity must apply the controlling substantive law of the state, *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)).

Bayer argues that Plaintiff failed to plead sufficient facts to state a claim for relief under either claim and moves to dismiss the Complaint for failure to state a claim under Federal Rule

4

of Civil Procedure 12(b)(6). Bayer further argues that Plaintiff's claims fail as a matter of law because under Georgia law, product manufacturers do not have any duty to warn third parties who did not use the product, and Georgia has rejected any duty to recall.

1. <u>Plaintiff pled sufficient facts to plausibly state a claim of breach of a duty to warn under *Twombly* and *Iqbal*.</u>

To succeed on her failure to warn claim, Plaintiff must establish that Bayer had a duty to warn and that Bayer's failure to warn proximately caused her injury. *Folsom v. Kawasaki Motors Corp. U.S.A.*, 509 F. Supp. 2d 1364, 1378 (M.D. Ga. 2007); *see also Parris v. 3M Co.*, 595 F. Supp. 3d 1288, 1336 (N.D. Ga. 2022) (finding that to survive a motion to dismiss claim for negligent failure to warn, "a plaintiff must allege facts sufficient to show that (1) the manufacturer knew or reasonably should have known of a danger arising from use of the product and therefore had a duty to warn; (2) the manufacturer breached the duty; and (3) the breach was the proximate cause of the plaintiff's injury." (internal quotation marks omitted)). The existence of a duty to warn is a legal question. *Certainteed Corp. v. Fletcher*, 794 S.E.2d 641, 645 (Ga. 2016).

Under Georgia law, "[a] product manufacturer may breach its duty to warn either by failing to provide an adequate warning of the product's potential risks or by failing to adequately communicate the warning to the ultimate user." *Folsom*, 509 F. Supp. 2d at 1378–79 (alteration adopted) (citations and internal quotation marks omitted). "[T]he duty to warn arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product." *Whitehead v. Green*, 879 S.E.2d 698, 714 (Ga. Ct. App. 2022) (citations and internal quotation marks omitted).

Bayer argues that it did not have a duty to warn Plaintiff, a third-party who did not use Roundup®. (Doc. 4 at 4). Bayer concedes, however, that a "duty to warn may be owed to consumers, purchasers of the product, reasonably foreseeable users, and, in some cases, reasonably foreseeable third parties." (*Id.*); *see also Certainteed*, 794 S.E.2d at 645 (stating that duty to warn has been extended in some cases to reasonably foreseeable third parties). In determining whether the duty should be extended to third parties, "the court should consider the foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. Such matters generally are not susceptible of summary

adjudication and should be resolved by a trial in the ordinary manner." *Parris*, 595 F. Supp. 3d at 1336.

Bayer alleges that Plaintiff would fall into the category of a third party, and it is correct that Plaintiff has not pled that she personally purchased or used Roundup®. However, Plaintiff contends she was exposed to the product based on the large amount used in the Moultrie area, and that her SPS condition was the result of such exposure based on the inordinate number of SPS cases in the Moultrie area. Bayer asserts Plaintiff's Complaint lacks sufficient facts to lead to this inference. The Court finds, however, that Plaintiff has stated sufficient facts for the Court to reasonable infer that she was exposed to Roundup®.

Bayer asserts that Plaintiff failed to allege foreseeability such that could give rise to a duty to warn. (Doc. 4 at 5). But, the Georgia Supreme Court has stated that the existence of a duty to warn is not resolved exclusively on the basis of foreseeability, *Certainteed*, 794 S.E.2d at 645, and the question of foreseeability is not susceptible to a summary adjudication, *Parris*, 595 F. Supp. 3d at 1336. "In fixing the bounds of duty, not only logic and science, but public policy play an important role. To impose a duty that either cannot feasibly be implemented or, even if implemented, would have no practical effect would be poor public policy indeed." *Id.*

Plaintiff alleges that (1) Bayer was aware of the potential health risk, including SPS, associated with glyphosate-based products, and (2) Roundup® contains glyphosate. Plaintiff has alleged sufficient facts to infer that (3) she was exposed as a third party to Roundup®, (4) the foreseeability of such exposure is a jury question, and (5) thus, whether Bayer had a duty to warn Plaintiff of such risk is a jury question. Based on the foregoing, the Court finds that Plaintiff has pled sufficient facts to plausibly state a claim of breach of a duty to warn under *Twombly* and *Iqbal*.

In sum, the Court finds that Plaintiff pled sufficient facts to plausibly state a claim for breached of a duty to warn. Accordingly, the Court finds that dismissal of Count I is not warranted on the grounds that Plaintiff failed to state a claim, and Bayer's Motion to Dismiss Count I is **DENIED**.

6

2. <u>Plaintiff failed to plead sufficient facts to plausibly state a claim for negligent recall under *Twombly* and *Iqbal*.</u>

Plaintiff alleges that Bayer failed to timely notify the public about the risks associated with glyphosate, despite having knowledge of the risks. According to Plaintiff, such failure constitutes negligent recall because Bayer did not take appropriate steps to mitigate the harm caused by its product.

Georgia law, however, generally imposes no duty upon a manufacturer to recall a product after the product has left the control of the manufacturer. *Silver v. Bad Boy Enters. LLC*, 907 F. Supp. 2d 1351, 1356 (M.D. Ga. 2012) (citing *Ford Motor Co. v. Reese*, 684 S.E.2d 279, 283–84 (Ga. Ct. App. 2009)). "An important exception to this rule exists: 'if a manufacturer chooses to recall a product voluntarily, Georgia law imposes a duty upon the manufacturer to exercise ordinary care in conducting the recall campaign.'" *Id.* (quoting *Ford Motor Co.*, 684 S.E.2d at 283 n.2)).

Thus, Bayer did not have a duty, under Georgia law, to recall Roundup®, and Plaintiff did not allege that Bayer voluntarily issued a recall on the product, but negligently conducted such recall. In sum, the Court finds that Plaintiff failed to plead sufficient facts to plausibly state a claim for negligent recall. Accordingly, the Court finds Bayer's Motion to Dismiss Count II is **GRANTED**.

## IV.  CONCLUSION

Upon a full review of the pleadings, Defendant's brief, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss (Doc. 4) is **DENIED IN PART and GRANTED IN PART** as stated above. Count II of Plaintiff's Complaint is dismissed and Count I remains pending.

**SO ORDERED**, this 11th day of February 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

7