**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KRISTEN TAHERI,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| **v.** | : | **7:25-cv-40–WLS** |
| | : | |
| **BAYER CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## FIRST AMENDED DISCOVERY/SCHEDULING ORDER

Before the Court is Defendant Bayer Corporation's ("Bayer") Motion for Bifurcated Discovery (Doc. 17) ("Motion") which was timely filed on June 26, 2026.[1] Therein, Bayer requests that the Discovery/Scheduling Order (Doc. 16) entered May 27, 2026, be amended to bifurcate discovery into two phases: (1) discovery on causation-related issues; and (2) if necessary, discovery on liability, damages, and any other remaining issues. Bayer's proposed bifurcated discovery schedule is attached to its Motion. (*See* Doc. 17-3). Plaintiff has not filed a response to the Motion, and the time for such response has lapsed. Therefore, the Motion is ripe for decision.

Upon full review of the Motion and the Record, the Court finds the Motion is well taken. Accordingly, Bayer's Motion for Bifurcated Discovery (Doc. 17) is **GRANTED**. The Discovery/Scheduling Order (Doc. 16) is amended as follows:

1) Discovery in this case will be bifurcated into two phases: Phase 1 for discovery on causation-related issues; and Phase 2, if necessary, for discovery on liability, damages, and any other remaining issues. To avoid multiple depositions of the same witness and for efficiency and a reduction in costs, if the testimony of a witness involves information relevant to both phases of discovery, the witness may be examined on all pertinent topics in one deposition. Phase 1 of discovery is open. Phase 2 of discovery, except as stated herein, has not begun.

---

[1] Per the Court's Discovery/Scheduling Order (Doc. 16), Bayer was given until June 26, 2026, within which to file a motion to bifurcate discovery.

1

2)      Phase 1 discovery will be completed by **Tuesday, March 23, 2027**, unless extended by the Court for good cause shown upon timely written motion by either party.

3)      Unless Phase 1 discovery is extended, all motions relating to causation must be filed no later than **Friday, April 23, 2027**. In the event Phase 1 discovery is extended, all motions relating to causation must be filed no later than thirty (30) days after the close of any extended Phase 1 discovery period.

4)      If necessary, each party must serve upon other parties, disclosures relating to expert witnesses on causation, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by the following dates:

   a.  Plaintiff's case-in-chief: **Tuesday, January 19, 2027**;

   b.  Defendant's case-in-chief: **Monday, February 22, 2027**; and

   c.  Parties' rebuttal experts: **Monday, March 8, 2027**.

5)      Any motion challenging the qualification(s) of any expert witness to offer opinion testimony related to causation, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

   a.  **Friday, April 23, 2027**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event Phase 1 discovery is extended, all such motions must be filed no later than thirty (30) days after the close of Phase 1 discovery; or

   b.  **Friday May 14, 2027**, if the motion is made by a party in response to a dispositive motion. However, in the event Phase 1 discovery is extended, the motion must be filed no later than twenty-one (21) days after the dispositive motion deadline.

6)      If necessary, Phase 2 of discovery will open on the day the Court rules upon dispositive and Rule 702 motions pertaining to causation.

7)      In the event Phase 2 of discovery opens, the Parties are directed to submit, within seven (7) days of entry of the Court's order ruling on dispositive and other motions, if any, pertaining to causation, an Amended Proposed Discovery Schedule setting forth the remaining case deadlines.

8)      All remaining terms of the Court's Discovery/Scheduling Order (Doc. 16) shall remain in effect.

**SO ORDERED**, this 24th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**